UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON LITTON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBLOX CORPORATION, et al.,<br><br>    Defendants. | Case No. 25-cv-03088-AMO<br><br>**ORDER DENYING MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. No. 46 |

Before the Court is Defendants Epic Games, Microsoft, Mojang AB, and Roblox's motion to stay discovery pending resolution of forthcoming motions to dismiss for lack of personal jurisdiction and to compel arbitration. ECF 46. The instant motion is fully briefed and suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-6. Accordingly, the hearing set for August 28, 2025 is **VACATED**. Having carefully considered the parties' papers and the arguments made therein, as well as the relevant legal authority, the Court hereby **DENIES** the motion for the following reasons.

District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In considering whether to stay discovery pending resolution of a dispositive motion, courts in this District use a two-part test. *See Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, courts determine whether the pending motion is potentially dispositive of the entire case, and second, whether the pending motion can be resolved without discovery. *Id.* at 351-52. "[I]f either prong of this test is not established, discovery proceeds." *Id.* "In applying this two-factor test, the court must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *2

1  (N.D. Cal. Nov. 4, 2016) (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011)).

Defendants move to stay discovery pending Defendants' forthcoming motion to compel arbitration and Epic Games, Microsoft, and Mojang AB's forthcoming motion to dismiss for lack of personal jurisdiction, arguing a "preliminary peek" at the merits of the motions confirms a stay is warranted. *See* ECF 46 at 11, 13; ECF 53 at 8-10. However, these motions have not been filed, and the Court cannot take a "preliminary peek" at a motion not yet before it. *See DiGiacinto v. RB Health (US) LLC*, No. 22-CV-04690-DMR, 2022 WL 20087460, at *2 (N.D. Cal. Dec. 5, 2022) ("In this case, as Defendant's motion to dismiss has not yet been filed, the court cannot assess the merits of the motion."). While courts sometimes assess the merits of a motion before it is fully briefed, *see e.g., Ledwidge v. Fed. Deposit Ins. Corp.*, No. 5:24-CV-08352-BLF, 2025 WL 885845, at *3 (N.D. Cal. Mar. 21, 2025) (granting motion to stay discovery after taking preliminary peek at defendants' motion, even where "it ha[d] not yet had the benefit of receiving" plaintiffs' opposition brief), here, Defendants have not yet filed the motions on which their request to stay discovery is premised.

Defendants instead urge the Court to review the original complaint and reach the conclusion that the arguments Defendants will make in their forthcoming motions regarding jurisdiction and arbitration are likely to have merit. ECF 53 at 6, 8 ("[T]he jurisdictional deficiencies are readily apparent from the face of the Complaint."). However, they offer no authority for deviating from this District's test by surmising the arguments Defendants will make in future motions. Indeed, in keeping with a briefing schedule recently negotiated by the parties, Plaintiff has today filed an amended complaint. *See* ECF 52; ECF 55. Thus, asking the Court to assess the now-superseded original complaint makes even less sense, despite Defendants' argument that amendment "cannot cure the [original] Complaint's deficiencies," ECF 53 at 9. Moreover, through this stipulated briefing schedule Defendants have elected to extend their time to respond to the amended complaint by nearly six weeks, which results in the Court lacking the benefit of their motions for another two months, and of full briefing until early November. Until

//

then, the merit of Defendants' forthcoming motions is speculative, and the Court therefore declines to exercise its discretion to stay discovery at this time. Defendants' motion to stay discovery is thus **DENIED** without prejudice.[1]

**IT IS SO ORDERED.**

Dated: August 14, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[1] This order does not reach Defendants' arguments regarding whether the forthcoming motions are potentially case-dispositive and whether they would require discovery. Defendants are free to revive those arguments in a renewed motion to stay discovery after the motions have been filed.

3