David P. Fuad (SBN 265193)
dfuad@orrick.com
John P. Badalich (SBN 328573)
jbadalich@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

*Attorneys for Defendant*
*Roblox Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

THOMAS K. LITTON,

Plaintiff,

v.

ROBLOX CORPORATION, EPIC GAMES, INC., MICROSOFT CORPORATION, MOJANG AB, and JOHN DOES 1-50,

Defendants.

Case No. 3:25-cv-03088-AMO

**DEFENDANT ROBLOX CORPORATION'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

Date: January 8, 2026
Time: 2:00 p.m.
Place: Courtroom 10, 19th Fl., San Francisco
Judge: Hon. Araceli Martínez-Olguín

**NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

PLEASE TAKE NOTICE that on January 8, 2026, at 2:00 p.m., or as soon thereafter as this Motion may be heard in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 10 before the Honorable Araceli Martínez-Olguín, Defendant Roblox Corporation ("Roblox" or "Defendant") will and hereby does move this Court, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 *et seq.*, for an order compelling arbitration of Plaintiff's claims asserted in the First Amended Complaint, filed on August 14, 2025. Roblox also moves for a stay of proceedings pending the Court's determination of the motion and the completion of arbitration. *See* 9 U.S.C. § 3.

Plaintiff asserts claims based on Plaintiff's use of Roblox services to play user-created games on Roblox's platform. But Plaintiff repeatedly assented to Roblox's Terms of Use, under which he promised to arbitrate any disputes with Roblox related to his use of Roblox's platform. As a result, Plaintiff must arbitrate his claims against Roblox.

This Motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the concurrently filed declaration of Ronita Jit and proposed order; all pleadings, records, and files in this action; and such evidence and argument as may be presented at or before the hearing on this Motion.

Dated: October 14, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ David P. Fuad*
David P. Fuad
*Attorneys for Defendant*
*Roblox Corporation*

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. Roblox's Services ..... 2

B. Roblox Users Are Bound by the Terms. ..... 2

1. Plaintiff Agreed to Roblox's Terms as an Adult by Redeeming Roblox Gift Cards ..... 2

2. Plaintiff's Responsible Adult Agreed to Roblox's Terms Repeatedly, and Plaintiff is Bound by these Acceptances ..... 3

3. Plaintiff's Responsible Adult Agreed to Roblox's Terms by Purchasing Robux and Redeeming Roblox Gift Cards ..... 5

C. The Terms Contain a Binding Arbitration Agreement ..... 6

III. ARGUMENT ..... 8

A. California Law Determines the Parties' Contract Formation ..... 9

B. The Arbitration Agreement Is Enforceable Against Plaintiff ..... 10

C. Plaintiff Is Also Bound by His Responsible Adult's Agreement to Arbitrate ..... 12

1. Plaintiff's Responsible Adult Agreed to the Terms *Repeatedly* ..... 12

2. Plaintiff's Responsible Adult's Agreement is Enforceable Against Plaintiff ..... 13

3. Plaintiff Cannot Avoid Arbitration Through Disaffirmance ..... 14

4. Equitable Estoppel Independently Requires Enforcement of the Arbitration Agreement ..... 16

D. The Arbitration Agreement Encompasses Plaintiff's Claims ..... 17

1. The Arbitration Agreement Delegates Threshold Issues Of Arbitrability To An Arbitrator ..... 17

2. The Claims Fall Within the Arbitration Agreement's Broad Scope ..... 18

E. The Court Should Stay This Action and Compel Arbitration ..... 18

IV. CONCLUSION ..... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.C. ex rel. Carbajal v. Nintendo of Am. Inc.*,
No. C20-1694, 2021 WL 1840835 (W.D. Wash. Apr. 29, 2021) .......... 14

*Aanderud v. Super. Ct.*,
13 Cal. App. 5th 880 (2017) .......... 17

*Adibzadeh v. Best Buy, Co.*,
No. 20-cv-06257, 2021 WL 4440313 (N.D. Cal. Mar. 2, 2021) .......... 11

*Angelilli v. Activision Blizzard, Inc.*,
No. 23-cv-16566, 2025 WL 524276 (N.D. Ill. Feb. 18, 2025) .......... 13, 16

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
475 U.S. 643 (1986) .......... 18

*B.D. v. Blizzard Ent., Inc.*,
76 Cal. App. 5th 931 (2022) .......... 10, 11, 18

*Butto v. Cent. Fin. Co.*,
73 So. 2d 44 (La. Ct. App. 1954) .......... 10

*C.M.D. ex rel. De Young v. Facebook, Inc.*,
621 Fed. App'x 488 (9th Cir. 2015) .......... 16

*Chan v. Charter Commc'ns Holding Co.*,
No. EDCV 15-0886, 2015 WL 12655701 (C.D. Cal. Aug. 6, 2015) .......... 16, 17

*Crowley Mar. Corp. v. Boston Old Colony Ins. Co.*,
158 Cal. App. 4th 1061 (2008) .......... 17

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985) .......... 8

*Doyle v. Giuliucci*,
62 Cal. 2d 606 (1965) .......... 15

*Edwards v. Doordash, Inc.*,
888 F.3d 738 (5th Cir. 2018) .......... 9

*Express Lien, Inc. v. Handle, Inc.*,
No. CV 19-10156, 2021 WL 2476853 (E.D. La. June 17, 2021) .......... 10

*Ferguson v. Corinthian Colls., Inc.*,
733 F.3d 928 (9th Cir. 2013) .......... 9

*First Intercont'l Bank v. Ahn*,
798 F.3d 1149 (9th Cir. 2015)........................................................................................ 9

*First Options of Chi., Inc. v. Kaplan*,
514 U.S. 938 (1995) ...................................................................................................... 9

*Ghazizadeh v. Coursera, Inc.*,
737 F. Supp. 3d 911 (N.D. Cal. 2024) ......................................................................... 12

*Greenspan v. LADT, LLC*,
185 Cal. App. 4th 1413 (2010)....................................................................................... 18

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
586 U.S. 63 (2019) ...................................................................................................... 8, 17

*Holland v. Universal Underwriters Ins. Co.*,
270 Cal. App. 2d 417 (1969)......................................................................................... 14

*Howard v. Goldbloom*,
30 Cal. App. 5th 659 (2018)........................................................................................... 18

*In re Facebook Biometric Info. Priv. Litig.*,
185 F. Supp. 3d 1155 (N.D. Cal. 2016) ........................................................................ 12

*Keller Constr. Co. v. Kashani*,
220 Cal. App. 3d 222 (1990)......................................................................................... 15

*KST Data, Inc. v. DXC Tech. Co.*,
836 F. App'x 484 (9th Cir. 2020) .................................................................................. 9

*Lee v. DoNotPay, Inc.*,
683 F. Supp. 3d 1062 (C.D. Cal. 2023)......................................................................... 11

*Leong ex rel. Leong v. Kaiser Found. Hosps.*,
788 P.2d 164 (Haw. 1990) ............................................................................................ 15

*Li v. Georges Media Grp. LLC*,
No. CV 23-1117, 2024 WL 1550368 (E.D. La. Mar. 7, 2024)........................................... 10

*Mahram v. Kroger Co.*,
104 Cal. App. 5th 303 (2024)......................................................................................... 11

*Matera v. Google Inc.*,
No. 15-cv-04062, 2016 WL 5339806 (N.D. Cal. Sept. 23, 2016) ..................................... 12

*MediVas, LLC v. Marubeni Corp.*,
741 F.3d 4 (9th Cir. 2014).............................................................................................. 19

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (1985) ...................................................................................................... 18

*Mohamed v. Uber Techs., Inc.*,
848 F.3d 1201 (9th Cir. 2016) ... 17

*Mormile v. Sinclair*,
21 Cal. App. 4th 1508 (1994) ... 15

*N.A. v. Nintendo of Am. Inc.*,
No. 23-cv-02424, 2023 WL 8587628 (N.D. Cal. Dec. 11, 2023) ... 14

*Nguyen v. Barnes & Noble Inc.*,
763 F.3d 1171 (9th Cir. 2014) ... 9

*Niemann v. Deverich*,
98 Cal. App. 2d 787 (1950) ... 14

*Oberstein v. Live Nation Ent., Inc.*,
60 F.4th 505 (9th Cir. 2023) ... 10

*Phila. Indem. Ins. Co. v. SMG Holdings, Inc.*,
44 Cal. App. 5th 834 (2019) ... 8, 13, 16

*R.A. v. Epic Games, Inc.*,
No. CV 19-1488, 2019 WL 6792801 (C.D. Cal. July 30, 2019) ... 15

*Ramos v. Super. Ct.*,
28 Cal. App. 5th 1042 (2018) ... 18

*Rent-A-Ctr., W., Inc. v. Jackson*,
561 U.S. 63 (2010) ... 15

*Roblox Corp. v. WowWee Grp. Ltd.*,
No. 22-cv-04476, 2023 WL 4108191 (N.D. Cal. June 20, 2023) ... 2, 11

*S.T.G. ex rel. Garcia v. Epic Games, Inc.*,
752 F. Supp. 3d 1200 (S.D. Cal. 2024) ... 14

*Simulados Software, Ltd. v. Photon Infotech Priv., Ltd.*,
40 F. Supp. 3d 1191 (N.D. Cal. 2014) ... 9

*Smith v. Spizzirri*,
601 U.S. 472 (2024) ... 18

*Trout v. Comcast Cable Commc'ns, LLC*,
No. 17-cv-01912, 2018 WL 4638705 (N.D. Cal. Mar. 15, 2018) ... 12

*Verge Media Cos., Inc. v. Maccini*,
No. CV 11-05520, 2011 WL 13220726 (C.D. Cal. Oct. 17, 2011) ... 16

*Wilson v. Kaiser Found. Hosps.*,
141 Cal. App. 3d 891 (1983) ... 15

*Yeh v. Tesla, Inc.*,
No. 23-cv-01704, 2023 WL 6795414 (N.D. Cal. Oct. 12, 2023) .......... 17

**Statutes**

9 U.S.C. § 2 .......... 2

9 U.S.C. § 3 .......... 2, 19

9 U.S.C. § 4 .......... 2

Cal. Civ. Code § 1589 .......... 11

Cal. Fam. Code § 6710 .......... 15

Federal Arbitration Act .......... 2, 8

**Other Authorities**

FedArb Rules Rule 5.02, *available at* https://www.fedarb.com/fedarb-rules/#rule502 .......... 17

Restatement (Second) of Conflict of Laws § 187 .......... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Thomas K. Litton, an 18-year-old adult, filed his First Amended Complaint ("FAC") for harm allegedly caused by his use of user-created games on Roblox's platform. But these claims do not belong in this Court. Plaintiff repeatedly agreed to the Roblox Terms of Use (the "Terms"), including as an adult, under which he promised to arbitrate any dispute with Roblox concerning his use of its platform through at least four methods.

***First***, after Plaintiff turned 18, he acquired and redeemed ***three*** separate Roblox gift cards. As part of redeeming each Roblox gift card, Plaintiff agreed to the Terms through clear and enforceable methods of notice and assent. Moreover, Plaintiff continued to use Roblox's platform, including as recently as October 11, 2025, with knowledge of the Terms, including its arbitration provision. Plaintiff is therefore bound by the valid arbitration agreement contained in the Terms.

***Second***, since January 2022 through July 4, 2025 (before Plaintiff turned 18), Sharon Litton ("Litton") (or Plaintiff's other parent or guardian, collectively, his "Responsible Adult") was required to agree to the Terms on Plaintiff's behalf, and Plaintiff's Responsible Adult reaffirmed those Terms at least ***five*** times since August 2023.

***Third***, Plaintiff's Responsible Adult purchased "Robux" (Roblox's in-game currency) ***numerous*** times on behalf of Plaintiff, with each transaction requiring a distinct and separate assent to the Terms.

***Fourth***, Plaintiff's Responsible Adult acquired and redeemed ***nineteen*** Roblox gift cards on behalf of Plaintiff between September 2022 and June 2025 while Plaintiff was still a minor, each of which similarly mandated acceptance of the Terms on ***nineteen*** separate occasions.

Plaintiff and his Responsible Adult accepted the Terms repeatedly, with each acceptance facilitated through straightforward and enforceable methods of notice and assent. By agreeing to the Terms as an adult ***three times*** in the last three months alone, Plaintiff is bound by this arbitration agreement. And even if Plaintiff contends that he or his Responsible Adult did not consent to the Terms in any of the many instances identified, under the doctrines of ratification and equitable estoppel Plaintiff cannot now avoid enforcement of the arbitration agreement. Consequently, the

/

mandatory arbitration agreement within the Terms is applicable to Plaintiff's claims, and the Federal Arbitration Act ("FAA") requires enforcing the Terms. *See* 9 U.S.C. §§ 2–4; *see also Roblox Corp. v. WowWee Grp. Ltd.*, No. 22-cv-04476, 2023 WL 4108191, at *2 (N.D. Cal. June 20, 2023) (S. Illston, J.) (granting motion to compel arbitration pursuant to mandatory arbitration agreement in Roblox's Terms and the FAA). The Court should compel Plaintiff to arbitrate his claims and stay this case.

## II. FACTUAL BACKGROUND

### A. Roblox's Services

Roblox operates an online platform (the "Roblox Platform") where users can create virtual games and experiences, connect with other users to enjoy user-created games and user-created virtual experiences, and use virtual apparel and other content that they and other users create. Declaration of Ronita Jit ("Jit Decl.") ¶ 4.

Roblox has 111.8 million daily active users[1] and is available to play on gaming consoles, computers, tablets, and cellular devices. Individuals who wish to use the Roblox Platform must create a Roblox account. *Id.* ¶ 4. In order to create a Roblox account, users must agree to the Roblox Terms of Use. *Id.* ¶ 8.

Roblox is free to access but also includes a virtual in-game currency called "Robux." Jit Decl. ¶ 5. Robux can be used to acquire virtual items and gain access to virtual experiences. *Id.*

### B. Roblox Users Are Bound by the Terms.

#### 1. Plaintiff Agreed to Roblox's Terms as an Adult by Redeeming Roblox Gift Cards

On July 8, 2025, Plaintiff redeemed a Roblox Gift Card and agreed to Roblox's Terms, Jit Decl. ¶ 30, 33, after he turned 18. *Id.* ¶ 31. Plaintiff subsequently redeemed additional Roblox Gift Cards on July 31, 2025 and September 19, 2025, again agreeing to Roblox's Terms. *Id.* ¶ 30.

Since September 2021, the Roblox gift card redemption webpage explicitly informs users that "[b]y redeeming your code, you represent that you, and your parent or legal guardian if you are under age 18, agree to our Terms of Use including the arbitration clause…," and provides a

[1] As of Q2 2025. Jit Decl. ¶ 4.

bolded hyperlink to Roblox's Terms. *Id.* ¶¶ 26-29. Roblox Gift Cards can only be redeemed on the Roblox gift card redemption webpage. *Id.* ¶ 25.




In addition, the Roblox Gift Cards redeemed by Plaintiff included language alerting him that "[b]y purchasing, accepting or redeeming this card, you (or your parent or guardian if you are under 18 years old) agree to … the Roblox Terms of Use." *Id.* ¶ 33.

Following Plaintiff's agreement to the Terms, Plaintiff's Roblox account (the "Account") continued to be accessed and actively used. Jit Decl. ¶ 13. Indeed, the Account remains open as of the date of this submission and was most recently used through at least October 11, 2025. *Id.*

**2. Plaintiff's Responsible Adult Agreed to Roblox's Terms Repeatedly, and Plaintiff is Bound by these Acceptances**

Since at least January 2022, Roblox's Terms have required that a parent or guardian agree to the Terms on behalf of any minor user before the minor can create an account or continue accessing the Roblox Platform. Jit Decl., Ex. 3 at 3.

Roblox periodically updates its Terms. *Id.* ¶ 8. Roblox notifies users of material updates to the Terms via a pop-up notice displayed when the user accesses the Roblox Platform. *Id.* The notice includes a bolded hyperlink to the updated Terms and requires users to click to accept the new Terms to continue using the Roblox Platform. *Id.* The pop-up notice also instructs minors to show the notice to their parent or guardian. *Id.* ¶ 12.

As just one example, Roblox notified users of its August 2023 Terms via both on-platform pop-up notices requiring affirmative acceptance and via an on-platform message sent directly to every user's "Messages" page within their personal accounts. *Id.* ¶ 9. The Terms update message was delivered one month prior to becoming effective. *Id.* ¶ 10. This message stated that "[b]eginning on August 1, 2023, you – or if you are a minor, your parent/guardian – will need to agree to the updated Terms of Use in order to continue using Roblox" and "[i]f you do not agree, you can close your Roblox account(s) before these updates go into effect." *Id.* ¶ 11.

> **Updates to Roblox Terms of Use**
>
> Hello!
> Today we are sharing planned updates to our Terms of Use and Privacy Policy. You can review the updated Terms of Use here and the Privacy Policy here. Beginning on August 1, 2023, you - or if you are a minor, your parent/guardian - will need to agree to the updated Terms of Use in order to continue using Roblox.
>
> Please take some time to review these important legal documents, and if you are a minor, share them with your parent/guardian. If you do not agree, you can close your Roblox account(s) before these updates go into effect.
>
> Thank you,
>
> The Roblox Team

Roblox informs its users in this manner each time a material update to its Terms occurs and requires users to accept the updated Terms to continue using the Roblox Platform. *Id.* ¶ 12. These pop-up notices were sent to Roblox users multiple times during relevant years, namely in August 2023, February 2024, June 2024, November 2024, and June 2025. *Id.*




Following this and other notices, Plaintiff's Account here continued to be accessed and actively used, including dozens of on-platform purchases of Robux. *Id.* ¶ 13. Indeed, the Account remains open as of the date of this submission and was most recently used through at least October 11, 2025. *Id*.

### 3. Plaintiff's Responsible Adult Agreed to Roblox's Terms by Purchasing Robux and Redeeming Roblox Gift Cards

Over the last several years, Plaintiff's Responsible Adult, on behalf of Plaintiff, made several Robux purchases on the Roblox Platform. *Id.* ¶¶ 21–23. The circumstances strongly point to Sharon Litton, Plaintiff's mother and previously his guardian ad litem in this action, as the person behind these transactions. The transactions started in March 2018, when Plaintiff was just ten years old. *Id.*, Ex. 1. Indeed, Plaintiff's original Complaint tacitly admits that Litton approved these purchases. *See, e.g.,* Doc. No. 1 ¶¶ 337, 358, 413 ("Had [Litton] been aware that the Products could cause significant harm …, Sharon Litton would not have purchased or allowed [Plaintiff] to use or continue to use Defendant's respective Product.").

These Robux purchases were made using various payment methods, including credit card, Paypal and StripeCard. Jit Decl. ¶ 21. Before making Robux purchases on the Roblox platform, Plaintiff's Responsible Adult was required to agree to the Terms. Jit Decl. ¶¶ 16-21. For instance, for Robux purchases made on a web browser, the user is presented with certain disclosures,

including a bolded hyperlink to Roblox's Terms. *Id*. ¶¶ 18-20. On the initial screen, during most of the relevant period the following disclosure appeared at the top of the screen: "By submitting payment information you acknowledge that you are at least 18 years old, and that you agree to Roblox Terms and Privacy Policy, including the arbitration clause and revocation policy." *Id*.; *see also id.* ¶¶ 22-23 (describing and illustrating disclosure related to specific Robux transaction made on the Account using StripeCard on May 17, 2023).

Roblox records show ***sixteen*** separate purchases of Robux by Plaintiff's Responsible Adult on the Account, each of which required agreement to Roblox's Terms made between December 28, 2022 and June 29, 2025. *Id*. ¶ 21, Ex. 1.[2]

In addition to Plaintiff's two recent Roblox Gift Card redemptions as an adult, Roblox's records reflect that Plaintiff's Responsible Adult redeemed ***thirty*** Roblox Gift Cards in total, with ***nineteen*** redeemed since September 2022 (when the Terms were updated to bind a minor user's Responsible Adult as well as the minor). *Id*. Exs. 2, 3 at 3. As described above, Roblox's gift card redemption webpage—the only way to redeem a Roblox Gift Card—requires users to agree to the Terms to redeem a Gift Card. *Supra* § II.A.1. And many of the Roblox Gift Cards redeemed by Plaintiff's Responsible Adult included language alerting them that "[t]o redeem this card and use Roblox credits, you must be over 18 years old or obtain consent from a parent or guardian, have internet access, register for a Roblox account, and accept the Roblox Terms of Use or have your parent or guardian accept them if you are under 18 years old." Jit Decl. ¶ 35.

### C. The Terms Contain a Binding Arbitration Agreement

The Introduction to Roblox's Terms, effective March 14, 2025,[3] alerts users: "PLEASE READ THE ROBLOX TERMS CAREFULLY BEFORE BEGINNING TO USE THE SERVICES, AS THEY SET FORTH A LEGALLY BINDING AGREEMENT BETWEEN YOU AND

---

[2] The records evidence Robux purchases made via other payment methods, such as credit card, StripeCard and Paypal. Jit Decl., Ex. 1. These payment methods likewise required assent to the Terms in a substantially similar manner to the process described above, and those processes are outlined in detail in the Jit Decl. *See id.* ¶¶ 15-21.

[3] Roblox's Terms contained materially identical arbitration provisions at all times since updated on August 1, 2023.

ROBLOX." *Id.*, Ex. 6 at 2. The Introduction also prominently informs users, again, to the presence of an arbitration clause in bolded, capitalized letters:

> For U.S. Users, Roblox's Arbitration Agreement (Section 11), which outlines how disputes between you and Roblox will be resolved. Specifically, these Roblox Terms contain **A BINDING, INDIVIDUAL ARBITRATION AND CLASS ACTION WAIVER. THIS MEANS THAT YOU GIVE UP THE RIGHT TO BRING AN ACTION IN COURT, INDIVIDUALLY OR AS PART OF A CLASS ACTION.**

*Id*. Section 11 of the Terms (the "Arbitration Agreement") includes the following provisions:

**Notice**: The Arbitration Agreement's opening paragraphs inform users in bolded, capitalized letters that they are agreeing to arbitrate any dispute with Roblox:

> **YOU ACKNOWLEDGE AND AGREE THAT YOU ARE GIVING UP THE RIGHT TO FILE A LAWSUIT IN COURT BEFORE A JUDGE OR JURY, INCLUDING IN A CLASS ACTION, FOR ANY DISPUTES SUBJECT TO THE ARBITRATION PROVISION BELOW.**

*Id.* at 14 (emphasis in original).

**Expansive Scope**: The Arbitration Agreement applies to "any dispute, claim, or controversy [the user] ha[s] with Roblox arising under or relating in any way to the Roblox Terms or the Services ('Dispute')." *Id.* The Roblox "Services," are, in turn, defined broadly to include "the Roblox website …. and its related platform …. and various other features and services, including websites, applications, forums, content, functionality, products, and services [.]" *Id*. at 1.[4]

**Delegation Provision**: The Arbitration Agreement delegates exclusive authority to the arbitrator:

> The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to the extent permitted by law to resolve all Disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of the Roblox Terms, including, but not limited to, any claim that all or any part of the Roblox Terms is void or voidable; however, in the event of a Dispute

[4] **Right to Opt Out**: The Arbitration Agreement also provides that users have the right to opt out of the Arbitration Agreement. Jit Decl., Ex. 6 at 17. Roblox has no record showing that Thomas Litton and Plaintiff ever opted out of the arbitration provision within the specified timeframe. *Id.* ¶ 14.

> about which particular version of the Roblox Terms you agreed to, a court will decide that specific question prior to the commencement of the arbitration. This Arbitration Agreement is intended to be broadly interpreted and will survive termination of the Roblox Terms.

*Id*. at 16.

**Individual Arbitration**: The substantive portion of the Arbitration Agreement opens with another notice to users about its importance and then specifies that they are agreeing to individual arbitration and waiving their right to class actions:

> **Please read this section carefully; it's important.**
>
> **1.** ARBITRATION AGREEGMENT AND CLASS ACTION WAIVER. EXCEPT AS OTHERWISE PROVIDED IN THE **ROBLOX TERMS, USER** AND **ROBLOX** AGREE THAT ANY DISPUTE THAT CANNOT BE RESOLVED THROUGH MIDR WILL BE RESOLVED BY BINDING, INDIVIDUAL ARBITRATION AS SET FORTH HEREIN, RATHER THAN IN COURT. USER AND ROBLOX THEREBY AGREE TO WAIVE ANY RIGHT TO A JURY TRIAL AND AGREE THAT **USER** AND **ROBLOX** MAY BRING CLAIMS AGAINST EACH OTHER ONLY IN AN INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS ACTION OR CLASS ARBITRATION.

*Id*. at 15.

## III. <u>ARGUMENT</u>

The FAA controls the disposition of this motion. Roblox's Terms make clear that they are governed by the laws of the State of California and the FAA. Jit Decl., Ex. 6 at15-17.

The FAA reflects federal policy recognizing that "courts must enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67 (2019) (citation omitted). It "leaves no place for the exercise of discretion[.]" *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Instead, "courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id*. The "court's role is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Phila. Indem. Ins. Co. v. SMG Holdings, Inc.*, 44 Cal.

App. 5th 834, 840 (2019) (cleaned up, citation omitted). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013) (citation omitted).

### A. California Law Determines the Parties' Contract Formation

In deciding whether parties agreed to arbitrate, courts "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under the Terms, California law applies. *See* Jit Decl., Ex. 6 at 17("the Roblox Terms are governed by the laws of the State of California"); *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) ("Under California law, the parties' choice of law will govern."); *see also Edwards v. Doordash, Inc.*, 888 F.3d 738, 745 (5th Cir. 2018) (upholding a California choice-of-law provision to determine whether the parties formed a contract when plaintiff claimed unconscionability).

Plaintiff's residence in Louisiana does not change this outcome. *See* FAC ¶ 11. In diversity jurisdiction cases, courts "apply the substantive law of the forum in which the court is located, including the forum's choice of law rules." *First Intercont'l Bank v. Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015) (citation omitted). California courts apply "the principles set forth in the Restatement (Second) of Conflict of Laws § 187 to determine the law governing a contract with a choice-of-law provision." *KST Data, Inc. v. DXC Tech. Co*., 836 F. App'x 484, 486 (9th Cir. 2020) (citation omitted). "Under § 187, the law of the state chosen by the parties applies unless either (1) 'the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties [sic] choice,' or (2) the 'application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue.'" *Id*.

Here, the chosen state has a substantial relationship to the parties, as Roblox is headquartered in California. *Simulados Software, Ltd. v. Photon Infotech Priv., Ltd*., 40 F. Supp. 3d 1191, 1197 (N.D. Cal. 2014) ("A substantial relationship exists in a state where a party is domiciled, resides, or is incorporated.") (collecting cases). Additionally, the application of California law would not be contrary to a fundamental policy of Louisiana because the parties entered into a valid

arbitration agreement under either State's law. As explained below, Plaintiff received conspicuous notice of Roblox's Terms as a "clickwrap agreement," binding him to the Terms both through his affirmative assent as an adult and his continued use of Roblox's platform with knowledge of the Terms. *See infra* § III.B. Like California, Louisiana courts routinely enforce arbitration agreements in clickwrap online terms of service, *see, e.g., Express Lien, Inc. v. Handle, Inc.*, No. CV 19-10156, 2021 WL 2476853, at *4 n.27 (E.D. La. June 17, 2021) (collecting cases), and recognize that continued use of a website with knowledge of the terms constitutes assent. *See Li v. Georges Media Grp. LLC*, No. CV 23-1117, 2024 WL 1550368, at *3 (E.D. La. Mar. 7, 2024) (holding that the plaintiff "agreed to the Arbitration Agreement by continuing to use the website" after receiving "reasonable notice"). And, like California, Louisiana rejects efforts to disaffirm a contract when a minor continues to accept the contract's benefits, particularly after reaching the age of majority. *See Butto v. Cent. Fin. Co*., 73 So. 2d 44 (La. Ct. App. 1954) (ratification of minor's contract can be implied by continued use as adult); *infra* § III.C.3.

**B. The Arbitration Agreement Is Enforceable Against Plaintiff**

Plaintiff agreed to Roblox's Terms as an adult through straightforward methods of notice and assent, which bound him to the Terms' arbitration provisions. California law provides that online agreements—including clickwrap agreements—are enforceable where "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Oberstein v. Live Nation Ent., Inc*., 60 F.4th 505, 515 (9th Cir. 2023) (citation omitted).

The Terms here represent a "clickwrap agreement" because users must click a button to accept the terms before using Roblox's Platform or engaging in transactions for Robux or Roblox Gift Cards. *See B.D. v. Blizzard Ent., Inc.,* 76 Cal. App. 5th 931, 945 (2022). Courts applying California law enforce clickwrap agreements such as the Terms where, as here, users must click to accept after having notice of and an opportunity to review them. *See, e.g., Oberstein* 60 F.4th at 515–16 (finding assent from clicking "confirmation button" on account creation, sign in, or purchase page with language directly above stating "[b]y continuing past this page, you agree to

the Terms of Use," where "Terms of Use" appeared in blue text and linked to terms); *Mahram v. Kroger Co.*, 104 Cal. App. 5th 303, 306, 308–09 (2024) (same where plaintiff clicked "[s]ign up with email" button next to language stating "[b]y signing up, you agree to [defendant's] *Terms of Service* and *Privacy Policy*," where terms of service and privacy policy appeared in "bright green"); *Lee v. DoNotPay, Inc.*, 683 F. Supp. 3d 1062, 1070, 1075 (C.D. Cal. 2023) (same where plaintiff clicked "Continue" button "directly above reasonably conspicuous and explicit language" that "continuing would manifest assent to [defendant's] terms and conditions" where "Terms and Conditions" hyperlink was "underlined and formatted in bright magenta"); *Adibzadeh v. Best Buy, Co.*, No. 20-cv-06257, 2021 WL 4440313, at *5 (N.D. Cal. Mar. 2, 2021) ("[M]utual assent manifests when internet users accept 'clickwrap' agreements.").

Plaintiff accepted the Terms by redeeming Roblox Gift Cards on July 8, July 31, and September 19, 2025 as an adult. *See supra* § II.B.1. This alone resulted in an enforceable arbitration agreement and should end the Court's analysis. *See WowWee Grp. Ltd.*, 2023 WL 4108191, at *2.

Moreover, Plaintiff's continuing use of Roblox's services establishes a separate and independently sufficient basis to bind him to the Terms. Consent through conduct is such a fundamental principle of contract law that California has enshrined it in its Civil Code: Once a party performs "[a] voluntary acceptance of the benefit of a transaction," they implicitly "consent to all the obligations arising from it, so far as the facts are known, or ought to be known." Cal. Civ. Code § 1589. This rule bars a party from extracting the value of an exchange only to wriggle out when their obligations come due. To establish consent by conduct, Roblox must show that Plaintiff (1) accepted the benefit of a transaction and (2) knew, or should have known, about an accompanying condition. *Id.*

The record leaves no doubt on either point. Plaintiff accepted (indeed, continues to accept) the benefit of Roblox's services by using its gaming platform as an adult (Jit Decl. ¶¶13-14, 31), and Plaintiff undisputedly had notice of the Terms. Roblox's Terms constitute a "clickwrap" agreement where a user must affirmatively indicate consent before redeeming a Roblox Gift Card. Plaintiff would have seen and known about the arbitration provisions that the Terms disclosed so conspicuously. *See supra* § II.B; *Blizzard Ent.*, 76 Cal. App. 5th at 947 (criteria for whether

arbitration provision is sufficiently conspicuous includes text's "size, color, contrast, and location"). Plaintiff certainly knew about the arbitration agreement when he purported to "disaffirm" the agreement in the original Complaint, Doc. 1 ¶¶ 299–300 after which he continued using Roblox's platform. As such, Plaintiff "manifested consent to the arbitration agreement" by "continuing to use … [Roblox's] services," which is "sufficient" to bind him thereto. *Trout v. Comcast Cable Commc'ns, LLC*, No. 17-cv-01912, 2018 WL 4638705, at *4 (N.D. Cal. Mar. 15, 2018); *In re Facebook Biometric Info. Priv. Litig.*, 185 F. Supp. 3d 1155, 1162–64 (N.D. Cal. 2016) (notice via messages sent directly to users combined "with a user's continued use is enough for notice and assent"); *Matera v. Google Inc.*, No. 15-cv-04062, 2016 WL 5339806, at *17 (N.D. Cal. Sept. 23, 2016) (terms stating that users who did not agree to posted modifications "should discontinue [] use" bound continuing users to updated terms upon posting).

### C. Plaintiff Is Also Bound by His Responsible Adult's Agreement to Arbitrate

Although Plaintiff's acceptance of the Terms as an adult is sufficient to show his assent to arbitration, his Responsible Adult's agreement to the Terms on dozens of occasions serves as an independently sufficient basis to compel arbitration.

#### 1. Plaintiff's Responsible Adult Agreed to the Terms *Repeatedly*

Plaintiff's Responsible Adult demonstrated her acceptance of the Terms through various actions. ***First***, Roblox's records indicate that Plaintiff continues to access and use the Account, created on October 17, 2018, as of October 11, 2025. Jit Decl. ¶¶ 6, 13. Plaintiff's Responsible Adult agreed to the Terms each of the five times the Terms were materially updated since August 2023. *Id.* ¶ 13. Each time, Roblox's Terms prohibited Plaintiff from continuing to use Roblox's Platform without Plaintiff's Responsible Adult first agreeing to the updated Terms. *Id*. ¶¶ 8-12; *see also Ghazizadeh v. Coursera, Inc*., 737 F. Supp. 3d 911, 933–34 (N.D. Cal. 2024) (E. Davila, J.) (plaintiff assented to arbitration agreement by continuing to use services).

***Second***, Plaintiff's Responsible Adult agreed to the Terms each time she made dozens of Robux purchases on Plaintiff's behalf. Jit Decl. at ¶¶ 15-23.

***Third***, Plaintiff's Responsible Adult assented to the Terms each of the nineteen times she redeemed Roblox Gift Cards on Plaintiff's behalf since September 2022. *Id*. ¶¶ 24-30.

**2. Plaintiff's Responsible Adult's Agreement is Enforceable Against Plaintiff**

When Plaintiff used Roblox before age 18, his parent or guardian had to agree to the Terms on his behalf. *See* Jit Decl., Ex. 6 at 2:

> IF YOU ARE UNDER THE LEGAL AGE OF MAJORITY (A "MINOR") IN YOUR JURISDICTION OR STATE OF RESIDENCE, BEFORE USING THE SERVICES, YOUR PARENT OR LEGAL GUARDIAN MUST READ AND CONSENT TO THE ROBLOX TERMS. BY PERMITTING A MINOR TO USE THE SERVICES, **A MINOR'S PARENT OR GUARDIAN BECOMES SUBJECT TO THE ROBLOX TERMS AND AGREES TO BE RESPONSIBLE FOR THE MINOR'S ACTIVITIES ON THE SERVICES.**

Importantly, "a nonsignatory may be compelled to arbitrate where the nonsignatory is a third-party beneficiary of the contract." *Phila. Indem. Ins.*, 44 Cal. App. 5th at 841 (citation omitted); *see also Angelilli v. Activision Blizzard, Inc.*, No. 23-cv-16566, 2025 WL 524276, at *12, *19 (N.D. Ill. Feb. 18, 2025) (minor nonsignatory was third party beneficiary to parent's arbitration agreements with Rockstar, Nintendo, Epic, and Sony in a case concerning similar allegations to this case). Here, Plaintiff is a third-party beneficiary of the Terms. The Terms and Plaintiff's Responsible Adult's acceptance under these circumstances were intended to, and did, allow Plaintiff's use of the Roblox Platform.

Any attempt by Litton to assert that neither she nor another parent or guardian agreed to the Terms, and that Plaintiff did so directly, fails for multiple reasons:

***First***, to the extent Litton makes this argument, it bolsters the fact that Plaintiff had knowledge of the Terms and thus assented to the Terms as an adult through his two recent Roblox Gift Card redemptions and continued use of Roblox's services after reaching the age of majority. *See supra*, § III.B. In other words, if Plaintiff agreed to the Terms as a minor, he agreed to them again as an adult.

***Second***, it is unlikely that Plaintiff—who first purchased Robux when he was ten years old—could have completed several Robux purchases using numerous payment methods, accepting

the Terms each time, without his mother's (or other Responsible Adult's) authorization. Jit Decl. ¶¶ 6, 15-24; *see also*, Ex. 1 at 2.

***Third**,* the Terms expressly require that a parent or guardian agree to them. If Plaintiff nonetheless agreed to them ***repeatedly*** without parental involvement, Litton and Plaintiff should not now be able to exploit that deception. *See Holland v. Universal Underwriters Ins. Co.*, 270 Cal. App. 2d 417, 422 (1969) (in explaining the purpose of the disaffirmance doctrine, noting that "he who ***affirmatively*** deals with a minor, does so at his peril. It is something else to announce that one who thinks he has not made a contract with a minor, may suddenly find that he has done so after all") (emphasis added) (citations omitted).

### 3. Plaintiff Cannot Avoid Arbitration Through Disaffirmance

Plaintiff may contend that he disaffirmed the Terms by filing the FAC. *See* FAC ¶ 278. But Plaintiff's purported disaffirmance is an issue delegated to the arbitrator. It also fails on the merits.

The issue of disaffirmation is an issue for the arbitrator to decide. The Terms delegate issues of arbitrability, including the "interpretation, applicability, enforceability, or formation of the Roblox Terms," to the arbitrator. *See supra* § II.C. This delegation provision applies to disaffirmance on the ground of minority, which is an "affirmative defense[ ]" to contract enforcement, *Niemann v. Deverich*, 98 Cal. App. 2d 787, 788 (1950), that challenges the Terms' enforceability and validity. Courts regularly compel arbitration of disaffirmance disputes on precisely that ground, applying delegation clauses substantively identical to the one here. *See N.A. v. Nintendo of Am. Inc.*, No. 23-cv-02424, 2023 WL 8587628, at *5 (N.D. Cal. Dec. 11, 2023) (compelling arbitration of disaffirmance dispute because parties "agreed" through delegation clause "to arbitrate issues of enforceability, which includes [the] disaffirmation defense"); *see also S.T.G. ex rel. Garcia v. Epic Games, Inc.*, 752 F. Supp. 3d 1200, 1211 (S.D. Cal. 2024) (compelling arbitration of "disaffirmance defense" because it was subject to delegation clause covering "questions" of "validity, enforceability, or scope"); *A.C. ex rel. Carbajal v. Nintendo of Am. Inc.*, No. C20-1694, 2021 WL 1840835, at *2 (W.D. Wash. Apr. 29, 2021) (compelling arbitration of disaffirmance dispute because it challenges whether the contract remains "valid," an issue that the parties' "delegation provision" reserved for the "arbitrator"). The Court should rule the same way

here. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) (explaining that parties can delegate "gateway" questions of arbitrability to an arbitrator under the FAA).

And even if the Court does address this issue, Plaintiff cannot disaffirm the valid agreement between Roblox and Plaintiff's Responsible Adult as a third-party beneficiary of the Terms. In the only California Supreme Court case to examine this issue, the Supreme Court directly held that a minor's power to disaffirm a contract "does not apply to contracts between adults and is therefore not controlling on the question of a parent's power to bind his child to arbitrate by entering into a contract of which the child is a third party beneficiary." *Doyle v. Giuliucci*, 62 Cal. 2d 606, 609 (1965). In fact, arbitration agreements are enforced with regularity against nonsignatory parties—including minors—where the contract contemplates conferring a benefit on another. *See, e.g., Leong ex rel. Leong v. Kaiser Found. Hosps.*, 788 P.2d 164, 169 (Haw. 1990) (relying on *Doyle* to hold that a minor could not disaffirm an arbitration provision in a contract for medical care signed by his father); *Mormile v. Sinclair*, 21 Cal. App. 4th 1508, 1511 (1994); *Keller Constr. Co. v. Kashani*, 220 Cal. App. 3d 222, 225–26 (1990) (minors were bound by parent's contract to arbitrate medical malpractice claims with a group health plan); *Wilson v. Kaiser Found. Hosps.*, 141 Cal. App. 3d 891 (1983) (parents' agreement to arbitrate claims against a group health provider is binding on an infant, even for in utero injuries).

The reason for this is simple: a contract between adults for which a minor receives benefits as a third party is not a contract with a minor. As such, California Family Code § 6710, which allows a minor to disaffirm contracts into which the minor has entered independently, when the minor may not have appreciated the contract's effect, does not apply. A parent understands the nature and force of the contract into which she is entering on the minor's behalf. Plaintiff cannot now disaffirm that to which his Responsible Adult agreed.

Moreover, Plaintiff continues to use his Roblox account, including as recently as October 11, 2025, Jit Decl. ¶ 13, notably ***after*** Plaintiff filed the FAC purporting to disaffirm the Terms. A minor cannot continue to avail himself of the benefits of the contract which he purports to have disaffirmed. *See R.A. v. Epic Games, Inc.*, No. CV 19-1488, 2019 WL 6792801, at *6 (C.D. Cal. July 30, 2019) ("[B]ecause Plaintiff continued to play [the video game] until […] after the filing

the Complaint [sic] – he continued to enjoy the benefits of the agreement and therefore did not effectively disaffirm."); *see also C.M.D. ex rel. De Young v. Facebook, Inc.*, 621 Fed. App'x 488, 489 (9th Cir. 2015) ("By continuing to use facebook.com after bringing their action, Plaintiffs manifested an intention not to disaffirm the contract.").[5]

#### 4. Equitable Estoppel Independently Requires Enforcement of the Arbitration Agreement

Alternatively, the Court should compel arbitration under the equitable estoppel doctrine. Under this doctrine, a minor non-signatory may be compelled to arbitrate where he "(1) knowingly seeks the benefits of the contract containing the arbitration clause" (*Phila. Indem. Ins.*, 44 Cal. App. 5th at 841), or (2) where "a preexisting relationship exist[s] between the nonsignatory and one of the parties to the arbitration agreement, making it equitable to compel the nonsignatory to also be bound to arbitrate his or her claim." *Chan v. Charter Commc'ns Holding Co.*, No. EDCV 15-0886, 2015 WL 12655701, at *5 (C.D. Cal. Aug. 6, 2015) (citations omitted).

Both theories apply here. Plaintiff and his Responsible Adult knowingly sought the benefits made possible by the Terms: access to and use of the Roblox Platform. Parties are estopped from avoiding arbitration where they directly benefited from contracts containing arbitration provisions, including by seeking services or opportunities only available through assent to such contracts. *See, e.g., Verge Media Cos., Inc. v. Maccini*, No. CV 11-05520, 2011 WL 13220726, at *16 (C.D. Cal. Oct. 17, 2011) (finding plaintiffs directly benefited from unsigned employment agreement where acceptance was a prerequisite to executing the disputed acquisition). For several years, Plaintiff and his Responsible Adult have taken advantage of the opportunities provided using Plaintiff's Roblox accounts, and therefore "claim[ed] the benefits of [the Terms]." *Phila. Indem. Ins., supra,* 44 Cal. App. 5th at 841 (plaintiff estopped from avoiding arbitration when it knowingly claimed contract's benefits); *see also Angelilli*, 2025 WL 524276, at *12 (holding that minor nonsignatory was "bound to arbitrate because he directly benefitted from the Nintendo Account User Agreement" under Illinois

[5] Nonetheless, if for some reason, the Court believes more factual information is required to ascertain whether and to what extent a Responsible Adult accepted the Terms or otherwise ratified Plaintiff's actions, or to confirm any other fact the Court deems material that Plaintiff contests in his opposition, Roblox would request leave to conduct limited discovery to those ends.

version of equitable estoppel known as "direct benefits estoppel"). The doctrine of equitable estoppel is particularly relevant here, as Roblox's records indicate Plaintiff was still actively using the Roblox Platform at least as of October 11, 2025, and thus continues to benefit from acceptance of the Terms. *See* Jit Decl. ¶ 13.

Further, Plaintiff can be compelled to arbitrate because he is the child of a party to the Terms, and a nonsignatory can be compelled to arbitrate where "a preexisting relationship existed between the nonsignatory and one of the parties to the arbitration agreement, making it equitable to compel the nonsignatory to also be bound to arbitrate his or her claim." *Chan*, 2015 WL 12655701, at *5 (collecting authorities). One such relationship is the "parent-child relationship." *Crowley Mar. Corp. v. Boston Old Colony Ins. Co.*, 158 Cal. App. 4th 1061, 1070 (2008); *see also Yeh v. Tesla, Inc.*, No. 23-cv-01704, 2023 WL 6795414, at *8 (N.D. Cal. Oct. 12, 2023) (Plaintiff's one-year-old son compelled to arbitrate based on that relationship and on the fact that Plaintiff had agreed to arbitrate his claims).

### D. The Arbitration Agreement Encompasses Plaintiff's Claims

#### 1. The Arbitration Agreement Delegates Threshold Issues Of Arbitrability To An Arbitrator

The arbitration provisions in the Terms specify that an arbitrator, not a court, shall decide "all Disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of the Roblox Terms." Jit Decl., Exs. 4 at 25, 5 at 25, 6 at 16; *supra* § II.B. Courts routinely enforce that type of provision. *See Henry Schein*, 586 U.S. at 68; *Aanderud v. Super. Ct.*, 13 Cal. App. 5th 880, 892 (2017); *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016). Because Plaintiff is subject to the arbitration provision, therefore, all remaining disputes belong before the arbitrator, including "'gateway' questions of 'arbitrability'" like "whether their agreement covers" Plaintiff's claims. *Henry Schein*, 586 U.S. at 68 (citation omitted).

The Terms also incorporate the FedArb rules, Jit Decl., Exs. 4 at 24, 5 at 24, 6 at 16, which similarly dictate that the arbitrator "determine[s] challenges to its jurisdiction," including disputes over an agreement's "scope or validity." *See* FedArb Rules, Rule 5.02.[6] That alone would compel

[6] Available at https://www.fedarb.com/fedarb-rules/#rule502 (last accessed September 3, 2025).

arbitration of those issues, as California courts have repeatedly ruled. *See Blizzard Ent.*, 76 Cal. App. 5th at 957 (holding that the parties delegated arbitrability by incorporating arbitration rules with similar language); *Greenspan v. LADT, LLC*, 185 Cal. App. 4th 1413, 1442 (2010) (same).

**2. The Claims Fall Within the Arbitration Agreement's Broad Scope**

Courts "construe the scope of arbitration agreements" "liberally," *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 627 (1985), and should compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

Arbitration agreements that encompass "any claim arising from or related to" or "arising in connection with" a matter are "broad." *Howard v. Goldbloom*, 30 Cal. App. 5th 659, 663 (2018) (emphasis omitted). And California courts have interpreted such clauses "to encompass tort, statutory, and contractual disputes that 'have their roots in the relationship between the parties which was created by the contract.'" *Ramos v. Super. Ct.*, 28 Cal. App. 5th 1042, 1052 (2018) (citation omitted).

The arbitration agreement here encompasses "any dispute, claim, or controversy […] with Roblox arising under or relating in any way to the Roblox Terms or the Services[.]" Jit Decl., Ex. 6 at 14. Plaintiff's claims arise under or relate to the "the Services," because the "Services" expressly include "the Roblox website […] and its related platform […] and various other features and services, including websites, applications, forums, content, functionality, products, and services […] to allow users […] to play, create, and connect." *Id.* at 1. These are precisely the Roblox Services the FAC alleges Plaintiff used. *See, e.g.,* FAC ¶ 148 (allegations regarding Plaintiff's use of Roblox's Platform).

**E. The Court Should Stay This Action and Compel Arbitration**

Because each claim in the Complaint is subject to arbitration, the Court should stay this proceeding. When a court determines that all claims raised in an action are subject to arbitration, the FAA "requires a court to stay the proceeding" pending the outcome of the arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024). Because Plaintiff's claims are all subject to arbitration, *see*

*supra* §§ III.A-D, the Court should stay this action upon referring the dispute to arbitration as required by the FAA. *See* 9 U.S.C. § 3; *MediVas, LLC v. Marubeni Corp*., 741 F.3d 4, 9 (9th Cir. 2014) (adopting rebuttable presumption that actions are stayed pending arbitration if not expressly dismissed).

## IV. CONCLUSION

For the foregoing reasons, the Court should order Plaintiff to arbitrate his claims and stay this action.

Dated: October 14, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ David P. Fuad*
David P. Fuad
*Attorneys for Defendant*
*Roblox Corporation*