UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS K. LITTON,

Plaintiff,

v.

ROBLOX CORPORATION, et al.,

Defendants.

Case No. 25-cv-03088-AMO

**ORDER DENYING MOTION FOR SANCTIONS WITHOUT PREJUDICE**

Re: Dkt. No. 70

Before the Court is Defendant Epic Games, Inc.'s ("Epic") motion for sanctions. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for June 4, 2026, is VACATED. *See* Civil L.R. 7-6; Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **DENIES** Epic's motion for sanctions without prejudice for the following reasons.

Epic moves for sanctions pursuant to Federal Rule of Civil Procedure 11 arguing that the factual allegations in Plaintiff Thomas Litton's complaint lack evidentiary support and that counsel failed to engage in a reasonable investigation prior to filing suit. Dkt. No. 70 at 12. Where a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)) (internal quotation marks omitted). But here, the resolution of Epic's motion for sanctions based on the complaint "would require the Court to make substantial factual and legal determinations based on the limited record before it."

United States District Court
Northern District of California

*Ward v. Jump Trading, LLC*, No. 25-CV-03989-PHK, 2026 WL 145846, at *14 (N.D. Cal. Jan. 20, 2026).  This Court, like others, " 'declines to enter this fact-based thicket' at this [early] stage of the proceedings."  *Id*. (quoting *MI-94, LLC v. Chemetall US, Inc.*, No. 2:23-cv-00647-CDS-DJA, 2023 WL 8186618, at *5 (D. Nev. Nov. 27, 2023)).  Instead, Rule 11 sanctions would be more appropriately addressed once the Court has ruled on Epic's motion to dismiss for lack of personal jurisdiction, Dkt. No. 68, or at the conclusion of the litigation.  *Ward*, 2026 WL 145846, at *14 (citing Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment ("The time when sanctions are to be imposed rests in the discretion of the trial judge.  However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation.") and *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 385 (1990) (Rule 11 sanctions determination may be made "after the principal suit has been terminated")).  "Courts within the Ninth Circuit routinely defer Rule 11 motions regarding the pleadings until the case is resolved on its merits."  *MI-94*, 2023 WL 8186618, at *5 (collecting cases).  The Court follows that course here and accordingly DENIES Epic's motion for Rule 11 sanctions without prejudice.

Further, the Court notes that Litton requests "that Epic be taxed with the costs and attorney's fees associated with" Litton's response to Epic's motion for sanctions, as Litton deems the motion baseless.  Dkt. No. 85 at 22.  The Court similarly DENIES Litton's request as premature.

Should Epic decide to refile its motion for sanctions at a later time, the Court encourages all parties to closely review Judge Kang's order in *Ward*, 2026 WL 145846, and especially commends the passage where Judge Kang "admonishe[d] counsel for both [p]arties" and noted that filing a motion for sanctions at an early stage of the case

> not only burdens the Court with premature motions practice, but also gives the appearance of needless posturing.  Similarly, seeking an award of attorney fees and costs in response to a motion for sanctions not only burdens the Court further, but also gives the appearance of reflexive tit-for-tat gamesmanship.  Wise counsel knows when to seek sanctions or an award of fees and costs.  The Court expects experienced counsel on both sides to avoid undue

(and ultimately unhelpful) exuberance in motions practice which detracts from the merits as this case proceeds further.

*Id.* at *15.

For the foregoing reasons, the Court **DENIES** without prejudice both Epic's motion for sanctions and Litton's request for an award of fees and costs in connection with this motion.

**IT IS SO ORDERED.**

Dated: May 29, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

3