**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THOMAS K. LITTON, | Case Number: 25-cv-03088-AMO-PHK |
| Plaintiff(s), | **STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** |
| vs. | |
| ROBLOX CORPORATION, et al., | |
| Defendant(s). | |
| GUILLERMO GALARZA, | Case Number: 25-cv-06245-AMO-PHK |
| Plaintiff(s), | |
| vs. | |
| EPIC GAMES, INC., et al., | |
| Defendant(s). | |
| JOHNNA HENDRICKS, et al., | Case Number: 25-cv-10275-AMO-PHK |
| Plaintiff(s), | |
| vs. | |
| ROBLOX CORPORATION, et al., | |
| Defendant(s). | |
| AND ALL RELATED CASES | |

1

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order[1] supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. This Order may be modified in the Court's discretion or by stipulation. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 Conference.

4. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

5. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

6. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

7. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

8. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

9. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation.

---

[1] This Order is intended to apply only to "Phase One Discovery" pursuant to the Court's Discovery Orders.

2

10. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

11. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

12. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

13. This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: May 29, 2026                    */s/ Bryan F. Aylstock*
                                        Counsel for Thomas K. Litton

Dated: May 29, 2026                    */s/ Kiley Lynn Grombacher*
                                        Counsel for Thomas K. Litton

Dated: May 29, 2026                    */s/ Jennifer M. Hoekstra*
                                        Counsel for Thomas K. Litton

Dated: May 29, 2026                    */s/ Adam J. Gomez*
                                        Counsel for Guillermo Galarza

Dated: May 29, 2026                    */s/ Seth A. Katz*
                                        Counsel for Guillermo Galarza

Dated: May 29, 2026                    */s/ Alex Barlow*
                                        Counsel for Johnna Hendricks

3

Dated: May 29, 2026                    /s/ Jay Bhimani

                                  Counsel for Microsoft Corporation

Dated: May 29, 2026                    /s/ Jay Bhimani

                                  Counsel for Mojang AB

Dated: May 29, 2026                    /s/ Padraic Foran

                                  Counsel for Epic Games, Inc.

Dated: May 29, 2026                    /s/ David Faud

                                  Counsel for Roblox Corporation


**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 6/1/2026

UNITED STATES MAGISTRATE JUDGE
Peter H. Kang

4